UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Sharon Enochs,

      Plaintiff,

v().                                   Case No. 2:09–v–913

Michael J. Astrue, Commissioner       Judge Michael H. Watson
of Social Security,

      Defendant.

## OPINION AND ORDER

Plaintiff in this action challenges the denial by the Commissioner of Social Security of plaintiff's application for disability insurance benefits. On January 26, 2011, the United States Magistrate Judge recommended that the decision of the Commissioner be reversed and that the action be remanded for an award of benefits. *Report and Recommendation*, Doc. No. 10. This matter is now before the Court on the Commissioner's objection to that recommendation. *Objection*, Doc. No. 11. The Court will consider the matter *de novo*. 28 U.S.C. §636(b); Fed. R. Civ. P. 72(b).

In his most recent decision, issued following a prior order of remand by this Court, *see Enochs v. Commissioner of Social Security*, 2:04–cv–117 (S.D. Ohio), the administrative law judge rejected the opinions of disability expressed by plaintiff's treating physicians: "The overall evidence of record, including the records of her treating physicians . . . does not support Dr. Ranganathan and Dr. Richards' opinions that she is limited to less than full time work." *A.R.* 325. Instead, the administrative law judge appeared to rely on the 2004 and 2005 opinions of the reviewing state agency physicians in assessing plaintiff's residual functional capacity. Although those

physicians opined that plaintiff is capable of medium exertion, the administrative law judge "allowed [plaintiff] the benefit of the doubt given her subsequently diagnosed conditions of carpal tunnel and cubital tunnel syndrome." *Id*. He therefore found that plaintiff is limited to "at least light work" with certain postural and non-exertional limitations. *Id.* The administrative law judge rejected plaintiff's subjective complaints to the extent that they would impose greater limitations, based on plaintiff's daily activities and level of functioning. A.R. 327. Plaintiff challenged that decision, arguing that the administrative law judge had failed to properly weigh the opinions of her treating physicians, Michael Miner, M.D., and Vadak Ranganathan, M.D., plaintiff's treating neurosurgeons, and Joshua Richards, M.D., plaintiff's longtime treating primary care physician, as required by the Commissioner's own regulations. Plaintiff also contended that the administrative law judge improperly rejected her subjective complaints of pain, including headaches.

The Magistrate Judge agreed that the administrative law judge failed to properly evaluate the opinions of disability articulated by all of plaintiff's treating physicians. *Report and Recommendation*, at 12. Moreover, the Magistrate Judge reasoned that, contrary to the express finding of the administrative law judge, *see A.R.* 323, plaintiff's subjective complaints of pain, including headache pain, had been corroborated by her treating physicians and other physician-provided evidence of record. *Report and Recommendation*, at 11-12. The Magistrate Judge concluded that, because there is no substantial evidence contradicting the opinions of disability articulated by plaintiff's treating physicians, benefits should be awarded. *Id.*, at 13. *See Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).

The Commissioner objects to each of those findings and conclusions.

This Court has carefully reviewed the record in this case and agrees that the administrative law judge failed to properly evaluate the opinions of plaintiff's treating physicians under 20 C.F.R. §404.1527(d). The Court also agrees that the rejection by the administrative law judge of plaintiff's complaints of headache pain was based on a mis-characterization of the record. However, the Court disagrees with the recommendation that benefits be awarded. In light of the opinions of the state agency physicians that plaintiff is able to work, there are factual issues that remain for resolution by the Commissioner.

Accordingly, the Commissioner's objection is **GRANTED** in part and **DENIED** in part. The *Report and Recommendation* is **ADOPTED and AFFIRMED in part**.

The decision of the Commissioner is **REVERSED** and this action is hereby **REMANDED** for further proceedings.

The Clerk shall enter **FINAL JUDGMENT** pursuant to Sentence 4 of 42 U.S.C. §405(g).

**IT IS SO ORDERED.**

_____
MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT